UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANDRA KAY TAYLOR, § § *Plaintiff*, § § v. § §   Civil Action No. 3:22-cv-0344-X § DOLLAR TREE STORES, INC. and § SERGIO WEST, § § *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sandra Kay Taylor's Motion to Remand. [Doc. No. 9]. After careful consideration, and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the motion to remand. Within twenty-eight (28) days of this Order, Taylor may file an amended complaint and a new remand motion addressing the Court's concerns.

### I. Factual Background

On May 26, 2020, Plaintiff Sandra Kay Taylor was visiting a Dollar Tree store in Irving, Texas, "when a defective and/or dangerous condition" there "caused her to fall" and "sustain[] severe and permanent injuries and damages."[1] Taylor sued Dollar Tree Stores, Inc. ("Dollar Tree") and Sergio West, the store manager of the Dollar

---

[1] Doc. No. 1 at 20. At this stage, the Court "must initially resolve all disputed questions of fact . . . in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

Tree where she fell, asserting claims of premises liability and negligence against each defendant.

Dollar Tree removed the suit to federal court under 28 U.S.C. section 1441(b), invoking the Court's diversity jurisdiction under 28 U.S.C. section 1332(a). Taylor "seeks monetary relief over $250,000 but not more than $1,000,000," which satisfies the statutory amount-in-controversy requirement.[2] This leaves the diversity-of-citizenship requirement.[3] Although Taylor (a resident of Dallas County, Texas) and Dollar Tree (a Virginia corporation with its principal place of business in Virginia) are diverse in citizenship, West, the pleadings allege, is a Texas citizen.[4] West's joinder therefore destroyed the complete diversity required for removal based on diversity jurisdiction.[5] In its Notice of Removal, Dollar Tree argued that removal was proper because West was improperly joined, and asserted that Taylor joined West "solely to prevent removal as [Taylor] has no reasonable basis for recovery against" him.[6] Taylor now moves to remand the case to state court.

## II. Legal Standard

A defendant may not remove a suit brought in state court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which

---

[2] Doc. No. 1 at 25; 28 U.S.C. § 1332(a).

[3] 28 U.S.C. § 1332(a)(1)–(3).

[4] Doc. No. 1 at 4–5.

[5] *See In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) ("[R]emoval . . . is permissible only if complete diversity exists among all *named* parties: Each plaintiff must be diverse from each defendant.").

[6] Doc. No. 1 at 5.

[the] action is brought."[7]  Removal statutes "are to be construed strictly against removal and for remand."[8]

The Fifth Circuit recognizes two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9]  "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."[10]  Fraudulent joinder generally hinges on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant," which, as the Fifth Circuit has clarified, "means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]

But the Fifth Circuit has rejected the argument that "*any mere theoretical possibility* of recovery under local law—no matter how remote or fanciful—suffices to preclude removal."[12]  Instead, "there must at least be arguably a *reasonable* basis for predicting that state law would allow recovery."[13]  To determine whether this basis exists, courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the

---

[7] 28 U.S.C. § 1441(b)(2).

[8] *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (cleaned up).

[9] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (cleaned up).

[10] *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").

[11] *Smallwood*, 385 F.3d at 573.

[12] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

[13] *Id.*

allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[14]

### III. Analysis

Because the parties agree that West and Taylor are Texas residents, this inquiry must focus on whether Taylor has established any reasonable basis for the Court to predict that Texas law would allow recovery against West, the non-diverse party. Taylor alleges two causes of action against West: premises liability and negligence. Dollar Tree counters that West was fraudulently joined because Taylor has no reasonable chance of recovery on either claim. The Court examines each allegation in turn.

#### a.  Premises Liability

Under Texas law, individual liability for corporate employees "arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[15] In the premises liability context, the Supreme Court of Texas has clarified that employees owe no independent duty apart from their employer's duty.[16]

---

[14] *Smallwood*, 385 F.3d at 573.

[15] *Leitch v. Hornsby*, 935 S.W.2d 114, 116 (Tex. 1996).

[16] *Tri v. J.T.T.*, 162 S.W.3d 552, 562–63 (Tex. 2005); *see also Aguilar v. Wal-Mart Stores Texas, LLC*, No. 1:14-cv-245, 2015 WL 11023492, at *6 (E.D. Tex. Jan. 6, 2015) ("While *Leitch* held that corporate officers may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty, *Tri* extend[ed] this rule to the invitor-invitee situation.").

Taylor's complaint describes West as "the store manager at the Dollar Tree" where her injury occurred.[17] In other words, West is a Dollar Tree employee. Under Texas law, therefore, West owed no duty in the premises liability context apart from the duty already owed by his employer, Dollar Tree. So Taylor's premises liability claim against West—which she brings separate and apart from her premises liability claim against Dollar Tree—cannot survive as a matter of law.

### b. Negligence

Taylor's negligence claim against West is replete with legal conclusions and short on facts. It states:

> [West] created the condition on the Property and failed to warn [Taylor] of the condition. The condition, in an area open to invitees such as [Taylor], posed an unreasonable risk of harm. [West] knew or reasonably should have known of the condition and the danger posed by the condition created. [West] breached [his] duty of ordinary care by creating the hazard, by failing to adequately warn [Taylor] of the dangerous condition and/or by failing to make the condition reasonably safe. The conduct of [West] constitutes negligence as that term is known in law.[18]

These skeletal assertions fail to explain why West owed a duty to Taylor or how he breached that duty. Taylor's complaint merely states that West "created the condition" and failed to warn against it or make it reasonably safe.[19] Taylor includes zero information about what the condition actually was, why it was dangerous, whether the danger was foreseeable, whether any factors justified creating the risk,

---

[17] Doc. No. 1 at 20.

[18] *Id.* at 23.

[19] *Id.* at 23–24.

how or when West created it, the burden on West of alleviating the risk, or what West was doing at the time of her injury. And she devotes not a word of detail to the nature of her injury or its specific cause. Taylor's legal assertion that West's "negligence was a proximate cause of" her injuries cannot sufficiently support a cause of action for negligence when no facts support this claim.[20] Simply stating that West created a condition that harmed Taylor does not give the Court a reasonable basis to predict that Taylor could secure a favorable state-court ruling on this cause of action.

In short, Taylor's scant allegations fail to "nudge[] [her] claims across the line from conceivable to plausible."[21] Her negligence claim against West does not contain "enough facts to state a claim to relief that is plausible on its face"—that is, enough facts to establish federal jurisdiction.[22]

## IV. Conclusion

Because Taylor's premises liability claim against West fails as a matter of law, and because Taylor has not sufficiently alleged a factual basis to support her negligence claim against West, the Court **DENIES WITHOUT PREJUDICE** the motion to remand. Within twenty-eight (28) days of this Order, Taylor may file an amended complaint and a new remand motion addressing the Court's concerns.

---

[20] *Id.* at 24.

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016) ("At bottom, the improper-joinder analysis in the context of removal and remand is solely about determining the *federal* court's jurisdiction. . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings.").

[22] *Twombly*, 550 U.S. at 570.

**IT IS SO ORDERED** this 6th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE